960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmie BENALLY, Defendant-Appellant.
 No. 91-10159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided April 20, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In sentencing Benally on Count I, the district court relied on: (1) evidence of other criminal conduct contained in the Presentence Report and (2) FBI reports describing additional instances of sexual contact with minors. The government concedes that the court abused its discretion in considering conduct relating to dismissed charges. See United States v. Faulkner, Nos. 89-10338, 89-10339, Slip.Op. 17019, 17029 (9th Cir. Dec. 24, 1991); United States v. Castro-Cervantes, 927 F.2d 1079, 1082 (1990). Although these cases were decided under the Sentencing Guidelines, the reasoning is equally applicable to non-guideline cases. The government also concedes that the FBI reports do not have sufficient indicia of reliability. See United States v. Safirstein, 827 F.2d 1380, 1385 (9th Cir.1987). We remand the case for resentencing on Count I.
 
 
 3
 In sentencing Benally on Counts XIII and XIX, the district court departed upward from the Sentencing Guidelines based on: (1) evidence of other criminal conduct contained in the Presentence Report and (2) psychological injury to the victims. The government concedes that the court improperly considered conduct relating to dismissed charges. The government also concedes that the court failed to identify how the victims' psychological injuries were "much more serious than that normally resulting from commission of the offense." U.S.S.G. § 5k2.3. We remand the case for resentencing on Counts XIII and XIX.
 
 
 4
 Benally argues that the Victim-Witness Coordinator's memorandum violated the plea agreement. The record does not support Benally's contention:
 
 
 5
 THE COURT: There has been no discussion between you or any member of the United States Attorney's office concerning this particular case and this particular victim-witness coordinator's report?
 
 
 6
 MR. HUSK: No, your Honor. I received a copy of it just like the court did. There's no--I mean, there has been consultation as far as trying to find witnesses and that type of information, but as far as me sitting down and saying, "I want you to recommend this." Or them approaching me and asking if I would agree with this type of recommendation, absolutely not, absolute [sic] none.
 
 
 7
 We are satisfied that the agreement was not violated.
 
 
 8
 In sum, we remand for resentencing on Counts I, XIII, and XIX. In doing so, the district court shall not consider conduct relating to dismissed charges or the U.S. attorney's specific recommendation that the court depart upward. We recognize that the court may again depart upward on Counts XIII and XIX, but, if so, its ruling "should include a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the [Sentencing Reform] Act and [Sentencing] Guidelines." United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc).
 
 
 9
 REVERSED AND REMANDED.
 
 
 10
 POOLE, Circuit Judge, concurring in part and dissenting in part:
 
 
 11
 I agree with the majority that appellant's sentence should be vacated and the case remanded for resentencing. I cannot agree, however, with the majority's reasoning regarding the Victim-Witness Coordinator's memorandum.
 
 
 12
 The Victim-Witness Coordinator is an employee of the Justice Department, and works under the direction of the Attorney General and the U.S. Attorneys. In fact, the United States Attorney, not the Coordinator, is the individual directly responsible for application of the Victim Witness Protection Act, the statutory authority for the work performed by the Victim-Witness Coordinator. Attorney General's Guidelines for Victim and Witness Assistance, 33 Crim.L.Rep. 3329, 3330 (1983). The Victim-Witness Coordinator should work closely with the prosecuting attorneys in a case, and, under guidelines promulgated by the Attorney General, prosecuting attorneys and Coordinators are directed to consult with each other regarding pleas and sentencing recommendations. Id. at 3331. Nevertheless, under the Attorney General's guidelines, it is the prosecutor who is to advocate the rights of victims before the court. 33 Crim.L.Rep. at 3331. Thus, clearly, the Victim-Witness Coordinator is not independent of the U.S. Attorney, and she should be bound by the terms of any plea agreement entered into by the U.S. Attorney.
 
 
 13
 Consequently, it is irrelevant whether the Assistant U.S. Attorney prosecuting this case had actual knowledge concerning the sentencing recommendations made by the Victim-Witness Coordinator. The Victim-Witness Coordinator is a representative of the Department of Justice, as is the United States Attorney and her assistants, and to permit the district court to consider the recommendations of the Coordinator in sentencing would be to countenance the government's violation of its agreement. Because the majority's disposition fails to recognize this breach of the plea agreement, I respectfully dissent.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3